UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| GEORGE BOLEY, | Case No. 08-CV-5908 (PJS/FLN) |
| Plaintiff, | |
| v. | ORDER |
| MINNESOTA ADVOCATES FOR HUMAN RIGHTS, a/k/a The Advocates for Human Rights; and JENNIFER PRESTHOLDT, individually and in her official capacity as Deputy Director of Minnesota Advocates for Human Rights, | |
| Defendants. | |

Konstandinos Nicklow, MESHBESHER & SPENCE, LTD., for plaintiff.

James A. O'Neal, James W. Poradek, Matthew A. Stump, and Leita Walker, FAEGRE & BENSON LLP, for defendants.

Plaintiff George Boley brought a defamation claim against defendants Minnesota Advocates for Human Rights and Jennifer Prestholdt arising out of a statement that Prestholdt made during a November 17, 2006 radio interview. Defendants counterclaimed under the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., for a declaration that Prestholdt did not defame Boley during that interview.

This matter is before the Court on defendants' motion for summary judgment. Defendants move for judgment on Boley's defamation claim both under Fed. R. Civ. P. 56 and under Minnesota's "anti-SLAPP" statute, Minn. Stat. §§ 554.01 et seq., which immunizes from liability "[l]awful conduct or speech that is genuinely aimed in whole or in part at procuring favorable government action . . . unless the conduct or speech constitutes a tort or a violation of a

person's constitutional rights."[1] Minn. Stat. § 554.03. For the reasons stated below, defendants' motion is granted in part, Boley's complaint is dismissed with prejudice, and defendants' counterclaim is dismissed without prejudice for lack of jurisdiction.

Defendants' motion for summary judgment rests on several grounds, including the argument that Boley's claim is barred by the two-year statute of limitations applicable to defamation claims. *See* Minn. Stat. § 541.07, subd. 1. Both in an affidavit that he filed in response to defendants' motion and through counsel at oral argument, Boley concedes that his claim is time-barred and should be dismissed with prejudice. *See* Docket No. 23. Accordingly, the Court will grant defendants' motion insofar as it seeks summary judgment under Rule 56 on the basis of the statute of limitations.

Defendants argue that there are two aspects of this case that remain to be adjudicated. First, they argue that the Court must determine whether they are entitled to summary judgment under Minnesota's anti-SLAPP statute because, if they successfully move for summary judgment under that statute, they are entitled to attorney's fees and may also be able to recover compensatory and punitive damages. *See* Minn. Stat. § 554.04. But defendants are confusing a defense with an affirmative claim for relief. Because defendants have already prevailed on their statute-of-limitations defense, the Court need not reach any of their many other defenses, including whether they are immunized from liability under Minn. Stat. § 554.03. Accordingly,

---

[1] "SLAPP" stands for "Strategic Lawsuit Against Public Participation" and refers to lawsuits brought against individuals and organizations for the purpose of discouraging them from publicly participating in government. *See Marchant Inv. & Mgmt. Co. v. St. Anthony W. Neighborhood Org., Inc.*, 694 N.W.2d 92, 94 (Minn. Ct. App. 2005).

defendants have not "prevail[ed] in a motion under this chapter" and are not entitled to attorney's fees or damages under Minn. Stat. § 554.04.[2]

Second, defendants argue that their counterclaim remains to be adjudicated on the merits. They argue, in essence, that Boley still insists publicly that he was defamed, and they would like the Court to declare that Boley was not defamed so that Boley would stop making this assertion — or at least so that those who hear this assertion will be less likely to believe it. But because Boley's defamation claim is being dismissed with prejudice, defendants' counterclaim is moot.

> "Federal courts are courts of limited jurisdiction and can only hear actual 'cases or controversies' as defined under Article III of the Constitution." *Neighborhood Transp. Network, Inc. v. Pena*, 42 F.3d 1169, 1172 (8th Cir.1994). "When a case . . . no longer presents an actual, ongoing case or controversy, the case is moot and the federal court no longer has jurisdiction to hear it." *Id.* This requirement applies to all stages of the litigation, *id.*, and "applies with equal force to actions for declaratory judgment as it does to actions seeking traditional coercive relief." *Marine Equip. Management Co. v. United States*, 4 F.3d 643, 646 (8th Cir.1993).

*Hickman v. State of Mo.*, 144 F.3d 1141, 1142 (8th Cir. 1998) (alterations in original). To fulfill Article III's case-or-controversy requirement, a claim for a declaratory judgment must present "'a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (quoting *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).

---

[2]This does not leave defendants without a remedy. Minnesota's anti-SLAPP statute creates an affirmative cause of action for parties who believe that they have been sued in federal court in violation of the statute. *See* Minn. Stat. § 554.045. But defendants did not bring a counterclaim under this provision and thus the Court need not decide whether they are entitled to relief under it.

Now that Boley's defamation claim is being dismissed with prejudice, the parties no longer have "adverse *legal* interests" arising out of Prestholdt's November 2006 interview. The parties will continue to fight in the court of public opinion. But Boley will never again be able to bring a defamation claim (or any other claim) against defendants on the basis of the statements that Prestholdt made during that interview. A declaration that Prestholdt did not defame Boley during the November 2006 interview would therefore be "'nothing more than a gratuitous comment without any force or effect.'" *Emory v. Peeler*, 756 F.2d 1547, 1552 (11th Cir. 1985) (quoting *N. Va. Women's Med. Ctr. v. Balch*, 617 F.2d 1045, 1049 (4th Cir. 1980)) (dismissing as moot a plaintiff's claim for a declaration that the defendant had violated his rights). For that reason, defendants' counterclaim is dismissed without prejudice for lack of jurisdiction. *Cf. Tietz v. Local 10, Int'l Ass'n of Bridge, Structural & Ornamental Iron Workers*, 525 F.2d 688, 689 (8th Cir. 1975) ("we are compelled to notice a lack of jurisdiction sua sponte").

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendants' motion for summary judgment [Docket No. 13] is GRANTED IN PART and DENIED AS MOOT IN PART.

2. Defendants' motion is GRANTED to the extent that it seeks dismissal of plaintiff's complaint on statute-of-limitations grounds pursuant to Fed. R. Civ. P. 56.

3. Defendants' motion is DENIED AS MOOT in all other respects.

4. Plaintiff's complaint [Docket No. 1] is DISMISSED WITH PREJUDICE AND ON THE MERITS.

5. Defendants' counterclaim [Docket No. 3] is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 22, 2010                     s/Patrick J. Schiltz
                                            Patrick J. Schiltz
                                            United States District Judge